UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EDWINA D. CORRELL, )
    Plaintiff, )
)
v. ) No. 3:08-CV-280
) (Phillips/Guyton)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 16] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 15]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning September 19, 2003. The claim was denied by the administrative law judge (ALJ) on October 27, 2006. The Appeals Council reviewed the ALJ's decision and denied the claim on May 16, 2008. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has

now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff first argues that the magistrate judge failed to address Dr. Kenney's report in his Report and Recommendation. However, the ALJ considered Dr. Kenney's opinion and determined that it was "overly restrictive and based on subjective criteria." The ALJ based his assessment of Dr. Kenney's opinion on the reports of state agency doctors who reviewed the evidence and concluded that plaintiff has the ability to complete simple, low-level detailed tasks; could not effectively interact with the public and would have some, but not substantial difficulty interacting with the public and co-workers; would work better with things rather than people; and could adapt to infrequent changes and set limited goals. The opinions of the state agency doctors are consistent with the evidence of record and the magistrate judge's finding that plaintiff was not disabled. Thus, there is no error in the magistrate judge failing to specifically discuss Dr. Kenney's report.

Next, plaintiff argues that had the ALJ given controlling weight to the opinion of her social worker, Cynthia Grimm, a finding of disability could have been reached. Based on the plaintiff's self-reports, Ms. Grimm indicated that she met listing 12.06 for disability. The ALJ found her report inconsistent with other evidence of record including the reports by the state agency doctors referenced above. The ALJ properly accorded greater evidentiary weight to the opinion of the consulting state agency doctors over the opinion of the social worker. While the commissioner certainly considers information from a social

worker under 20 C.F.R. § 404.1513(e), such information is not considered information from an acceptable medical source. 20 C.F.R. § 404.1513(a). Thus, I find that the ALJ gave Ms. Grimm's opinion appropriate weight in his determination.

Plaintiff also argues that the ALJ failed to seek additional information from her doctors to develop the record. I find that the ALJ satisfied his burden to adequately develop the record. The evidence before the ALJ contained the reports and opinions of plaintiff's treating physician, the results of consultative examinations, and the assessment of state agency physicians. The decision to order a consultative examination is made when the ALJ needs additional information, such as clinical or laboratory test results in order to make a disability determination, or when a conflict or ambiguity in the evidence must be resolved. 20 C.F.R. § 416.919a. The agency is not required to purchase examinations to follow up every potential lead, but only to ensure that there is sufficient information in the record so that a disability determination can be made. 20 C.F.R. § 416.919f. In the view of the court, the ALJ fulfilled his obligation to fully develop the record. Moreover, neither plaintiff nor her attorney suggested that the record was lacking medical reports or that further examinations were necessary at the time of the hearing. The burden of providing a complete record rests with the claimant. *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211 (6th Cir. 1986).

Next, plaintiff argues that the ALJ erred in rejecting the opinion of her treating physician, Dr. Jack Roberts. The ALJ stated in his decision that he discounted the opinion

-3-

of Dr. Roberts because Dr. Roberts was not a mental health specialist and his opinion was based on plaintiff's subjective complaints. Generally, more weight is given to a specialist's opinion about issues related to his or her area of expertise. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). I find the ALJ properly gave more weight to the specialists' opinions about issues related to their areas of expertise. 20 C.F.R. §§ 404.1527(d)(5). It is within the Commissioner's power to determine that the medical evidence of record is more consistent with the diagnosis of one doctor over another. *See Crowe v. Harris,* 489 F.Supp. 683, 689 (E.D. Tenn. 1980).

Plaintiff next argues that the ALJ erred in determining that she could perform work at all levels of exertion, with some minor limitations. However, plaintiff testified that she had no problems standing, walking or lifting, and was limited only in sitting for extended periods. The ALJ found that plaintiff needed extra cushioning for sitting, and also limited plaintiff's overhead reaching with her right arm due to her neck and shoulder issues. The reviewing state agency physicians found no severe impairments.

In addition, the ALJ obtained testimony from a VE to meet his burden to identify a significant number of jobs in the national economy consistent with plaintiff's capacities and vocational profile. *See Burton v. Secretary of Health and Human Services*, 893 F.2d 821, 822-23 (6th Cir. 1990). The VE testified that plaintiff worked as a cashier for a couple of years in retail and convenience stores, work that was classified as light and unskilled. She also worked as a sewing machine operator, making pants. She performed

-4-

Case 3:08-cv-00280-TWP-HBG   Document 17   Filed 08/24/09   Page 4 of 6   PageID #: 96

that work for roughly ten years, which was classified as light exertion and semi-skilled. Plaintiff also worked in assembly lines, which is classified as light, unskilled work.

The ALJ asked the VE whether jobs existed in the national economy for an individual with plaintiff's age, education, and work experience. Further, the VE was to assume that the individual was limited to no lifting restrictions, she would need some extra cushioning if the job required extended sitting; she shouldn't do more than occasional overhead reaching with her right arm; she would be able to complete simple and low level detail tasks, she could not effectively interact with the public and would have some, if not substantial difficulty, interacting with the public and co-workers; she could work better with things than with people, and could adapt to infrequent changes in the workplace. The VE testified that such an individual could perform plaintiff's past work on an assembly line.

Viewing the record as a whole, I find that substantial evidence supports the assumptions included in the ALJ's hypothetical questions to the VE. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Valley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

      s/ Thomas W. Phillips
    United States District Judge